Mr. Gillespie:
This office is in receipt of your request for an opinion from the Attorney General. After presenting some factual background, you asked a series of questions concerning the payment of fees to law enforcement officers who appear under subpoena to testify at hearings before the Denham Springs Fire Police Civil Service Board (the "Board"). Your specific questions and the Attorney General's responses to those questions are as follows. *Page 2 
1. WHAT IS THIS OFFICE'S INTERPRETATION OF THE SECOND SENTENCE CONTAINEDIN LA.REV.STAT. § 13:3662(A).
The sentence you desire this office to interpret is found at LA.REV.STAT. § 13:3662(A). LA.REV.STAT. § 13:3662(A) states:
 A. Each law enforcement officer, fire service person, or person testifying as a representative of a government traffic engineering department, hereinafter sometimes collectively referred to as "witness", or "officer", who, because of his official capacity, is required to be present as a witness in any civil case or in any administrative hearing held pursuant to any law of this state, including but not limited to R.S. 32:668 or 1504 or R.S. 40:1485.6, shall be paid an appearance fee of forty dollars per day per case or per hearing, when the witness's presence in court, at the administrative hearing, or at a deposition is required by subpoena or other circumstance, and for which he is present, regardless of whether he actually testifies. However, no such appearance fee shall be paid to a witness or officer required to be present as a witness on behalf of a law enforcement officer or fire service person in any appeal taken by the law enforcement officer or fire service person in state or city civil service proceedings instituted against him.[1]
Furthermore, LA.REV.STAT. § 13:3662(F)(1) explains who is responsible for payment of the forty dollar ($40.00) appearance fee provided in LA.REV.STAT. § 13:3662(A):
 F.(1) Each law enforcement officer, fire service person, or governmental traffic engineering representative subpoenaed as a witness shall be paid by the party which subpoenaed him, except that, if the matter goes to trial and is decided by the court, the appearance fee and the expenses paid to the witness pursuant to this Section shall be taxed as court costs and paid by the party requesting the subpoena to be issued and may be recovered by the prevailing party against the party cast in judgment. The fee shall be first advanced, however, by the party requesting the subpoena to be issued and may be recovered by the prevailing party against the party cast in judgment. The fee shall be paid to the officer or agency responsible for effecting service of process of the subpoena herein referred to as the custodian. In those cases where the officer makes an appearance, he shall make his presence known to the custodian and shall indicate whether or not he is being paid by his governmental employer. *Page 3 
 (2) If the officer is not being compensated by his governmental employer, the custodian will pay the appearance fee directly to the officer.
 (3) If the officer is being compensated by his governmental employer during the period of his appearance, then the custodian shall pay the appearance fee to the officer's governmental employer or fiscal officer who is designated or authorized to receive revenues on behalf of the governmental body. The governmental employer may retain such portion of the appearance fee as is necessary to reimburse it for salary, benefits, and other expenses it expends in making its employee available as a witness; if the appearance fee exceeds the amount the employer is required to pay in salary, benefits, and expenses for such an appearance, the employer shall transmit the difference to the witness. In no case, however, shall the witness receive less than he would have been compensated as set forth herein.
 (4) In those cases where the officer is present as a witness for a period of time during which he is being compensated partially by his governmental employer and a portion of time during which he is not being compensated by his employer, then the custodian shall prorate the appearance fee in the same proportion as the noncompensated time is to the compensated time and will distribute the portions directly to the witness and to the governmental employer in the appropriate fractions.
 (5) In those cases where the officer does not make any appearance, the party who advanced the witness fee may request that the custodian refund the witness fee to the party or attorney who advanced the fee.
 (6) The custodians of the witness fees are authorized to adopt procedures in conjunction with the various law enforcement, fire service, and governmental traffic engineering agencies with respect to the verification of attendance and payment of fees.[2]
Accordingly (and pertinently), every law enforcement officer who, in and because of his official capacity, is subpoenaed as a witness in any administrative hearing held pursuant to any law of Louisiana, shall be paid an appearance fee of forty dollars ($40.00) per day per case or per hearing for which he is present, regardless of whether he actually testifies and regardless of who issues the subpoena. And the cost of that appearance fee must be borne by the party who called the officer as a witness except that, if the matter goes to trial and is decided by the court, the appearance fee and the expenses paid to the witness *Page 4 
pursuant to LA.REV.STAT. § 13:3662 shall be taxed as court costs and paid by the party requesting the subpoena to be issued and may be recovered by the prevailing party against the party cast in judgment. The fee shall be first advanced, however, by the party requesting the subpoena to be issued and may be recovered by the prevailing party against the party cast in judgment. The fee shall be paid to the officer or agency responsible for effecting service of process of the subpoena. Any such agency is referred to as the "custodian". In those cases where the officer makes an appearance, he shall make his presence known to the custodian and shall indicate whether or not he is being paid by his governmental employer.
If the officer is not being compensated by his governmental employer, the custodian will pay the appearance fee directly to the officer. If the officer is being compensated by his governmental employer during the period of his appearance, then the custodian pays the appearance fee to the officer's governmental employer or fiscal officer who is designated or authorized to receive revenues on behalf of the governmental body. The governmental employer may retain such portion of the appearance fee as is necessary to reimburse it for salary, benefits, and other expenses it expends in making its employee available as a witness; if the appearance fee exceeds the amount the employer is required to pay in salary, benefits, and expenses for such an appearance, the employer shall transmit the difference to the witness. In no case, however, shall the witness receive less than he would have been compensated as set forth herein.
But LA.REV.STAT. § 13:3662(A) simultaneously provides a glaring exception to this general rule about officers being compensated for their appearances. And based upon an analysis of this exception through the prism created by the facts you presented, it is the opinion of this office that an officer from the Denham Springs Police Department is not entitled to the forty dollar ($40.00) appearance fee referenced in LA.REV.STAT. § 13:3662(A) if he is subpoenaed by and on behalf of a fellow officer to testify as a witness in an appeal taken by that fellow officer in proceedings instituted against him before the Board. *Page 5 
2. IF THE AFOREMENTIONED EXCLUDES CIVIL SERVICE EMPLOYEES WHO SUBPOENAOTHER CIVIL SERVICE EMPLOYEES FROM THE FORTY DOLLAR ($40.00) SUBPOENA FEEREQUIRED BY THE FIRST SENTENCE IN LA.REV.STAT. § 13:3662(A), IS THEGOVERNMENT EMPLOYER RESPONSIBLE FOR COMPENSATING OFFICERS WHO ARESUBPOENAED BY THE CIVIL SERVICE BOARD AS WITNESSES IN APPEAL HEARINGSWHEN THE DENHAM SPRINGS CIVIL SERVICE BOARD HAS A RULE THAT REQUIRESCIVIL SERVICE EMPLOYEES TO BE COMPENSATED AT HIS/HER NORMAL RATE OF PAYWHEN THEIR ATTENDANCE IS REQUIRED BY SUBPOENA DURING THEIR `OFF' HOURS?
The forty dollar ($40.00) appearance fee referenced in LA.REV.STAT. §13:3662(A) is generally paid to a law enforcement officer who has been subpoenaed to testify in a civil case or at an administrative hearing pursuant to his official capacity as a law enforcement officer. And the appearance fee owed to any such officer is generally borne, with exceptions, by the party who calls the officer to testify. But if the officer is subpoenaed to testify by a fellow officer in any appeal taken by the fellow officer in state or city civil service proceedings instituted against him, no such appearance fee shall be paid. Given the aforementioned, you then ask whether a government employer is responsible for compensating officers who are subpoenaed by the Board as witnesses in appeal hearings when the Board has a rule which requires civil service employees to be compensated at their normal rate of pay when their attendance is required by subpoena during their `off' hours. The rule of which you speak is Denham Springs Civil Service Rule XII(F). You were kind enough to provide this office with a copy of same.
Denham Springs Civil Service Rule XII(F) states:
 Attendance in city or district court on department business is with pay provided that the attendance is ordered by subpoena or court order and is on a date or date scheduled as an employee's work date. Should any employee of the classified service be required to be in attendance in court on his off time, such time shall be compensated at his/her normal rate of pay. (emphasis added to original)
So Rule XII(F) provides that attendance in city or district court on department business is with pay provided that the attendance is ordered by subpoena or court order and is on a date or date scheduled as an employee's work date. Rule XII(F) then goes on to provide that if a classified employee is required to be in attendance in court on his `off time, such time shall also be compensated at his/her normal rate of pay. *Page 6 
Rule XII(F) does not, however, contemplate an appearance by a classified employee who is subpoenaed by the Board. While LA.REV.STAT. § 33:2562
empowers the Board with authority to do certain things akin to district courts in Louisiana, the Board is not a court, district or otherwise. It is an administrative agency with limited authority and jurisdiction to hear certain, specific claims. And to that end, any appearance by an officer before it, whether under subpoena from the Board or a party, and whether in furtherance of official departmental business or not, is not legally tantamount to an appearance in city or district court on department business as provided for by Denham Springs Civil Service Rule XII(F). To that end, it is our opinion that Rule XII(F) is inapplicable to situations involving classified employees appearing before the Board. Consequently, we can find no reason to be of the opinion that pursuant to Rule XII(F), a governmental employer has a responsibility to compensate its officers when they are subpoenaed by the Board to appear before it and testify in an appeal hearing.
However, we are then naturally drawn back to LA.REV.STAT. § 13:3662. LA.REV.STAT. § 13:3662 provides that a law enforcement officer who is subpoenaed to testify in his official capacity in a civil case or in any administrative hearing is generally entitled to a forty dollar ($40.00) appearance fee. And under LA.REV.STAT. § 13:3662(F), that fee must be paid by the party who subpoenaed the officer. Consequently, if an officer is subpoenaed by the Board to testify before it in his official capacity, it is the Board which must bear the cost of the fee (not his employer).
3. IF CLASSIFIED EMPLOYEES ARE EXCLUDED FROM THE FORTY DOLLAR ($40.00)WITNESS FEE IN RELATION TO APPEAL HEARINGS AS STATED IN LA.REV.STAT.§ 13:3662(A), WOULD La. Att'y Gen. Op. 94-33 AND La. Att'y Gen. Op. 02-0131NEED TO BE REVISED?
After reviewing both La. Att'y Gen. Op. 94-33 and La. Att'y Gen. Op. 02-0131 in light of the fact that no appearance fee is owed to a classified employee subpoenaed to testify by and on behalf of another classified employee in an appeal hearing initiated against the latter employee before a state or city civil service board, we are of the belief that neither opinion is in need of revision. La. Att'y Gen. Op. 02-0131 concerns the appearance of a law enforcement officer or fire service person at a municipal fire and police civil service hearing in his official capacity, not as described above. So the two (2) scenarios are materially distinguishable. La. Att'y Gen. Op. 94-33 is similarly distinct because the opinion also focused on the payment of the appearance fee referenced in LA.REV.STAT. § 13:3662(A) to law enforcement officers or fire service personnel who appear to testify in their official capacities (as opposed to the scenario contemplated by the second sentence in LA.REV.STAT. § 13:3662(A). *Page 7 
4. GIVEN THAT THE BOARD HAS NO OPERATING BUDGET AND RELIES UPON THEMUNICIPALITY TO MAKE APPROPRIATIONS TO ENABLE THE BOARD TO CARRY OUT ITSDUTIES UNDER LA.REV.STAT. $ 33:2540, WHEN THE BOARD ISSUES SUBPOENASTO INVESTIGATE MATTERS OR HOLDS HEARINGS WHICH REQUIRE THE ISSUANCE OFSUBPOENAS, IS IT NOT THE MUNICIPALITY'S OBLIGTATION AS THE APPOINTINGAUTHORITY TO PROVIDE APPROPRIATIONS, WHICH IN THIS CASE WOULD BE THEOFFICERS' COMPENSATION FOR APPEARING BEFORE THE BOARD?
Given that the City of Denham Springs is the juridical entity cast with the responsibility of being the appointing authority to provide appropriations pursuant to LA.REV.STAT. § 33:2540, it is the opinion of this office that the City of Denham Springs is the entity responsible for providing an officer compensation under LA.REV.STAT. § 13:3662(A) for any appearance before the Board which is made in an official capacity under subpoena.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 DAVID A. YOUNG
 Assistant Attorney General
 JDC:DAY
[1] la. Rev. Stat. § 13:3662(A).
[2] La.Rev.Stat. § 13:3662(A).